FILED
2017 Jul-11  PM 01:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

**CARESSA CARNES,**

    **Plaintiff;**                    **Case No.: _____**

**vs.**

**METROPOLITAN LIFE**
**INSURANCE COMPANY,**
**a/k/a METLIFE DISABILITY**
**or METLIFE,**

    **Defendant.**

---

## COMPLAINT

COMES NOW Plaintiff and sues Defendant Metropolitan Life Insurance Company, a/k/a MetLife Disability or MetLife [hereinafter "**MetLife**"]:

## JURISDICTION AND VENUE

1.  Jurisdiction of this case is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and in particular, without limitation, 29 U.S.C. §§1132(e)(1) and 1132(f).  Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans; here, this consists of Regions Financial Corporation's LTD (long-term disability) Plan[1] and corresponding insurance policy (**Group Policy No.: 27563-2-G**) [hereinafter the "**Plan**" and the "**Policy,**" respectively]; which was (and is) underwritten, administered and/or managed by MetLife for the benefit of certain employees of Regions Financial Corporation [hereinafter

---

[1] *See,* document: "Your Benefit Plan, Regions Financial Corporation, All Full-Time Employees of The Policyholder and Its Subsidiaries and Affiliates, Disability Income Insurance: Long Term Benefits."

"**Regions**"]. In addition, this action may be brought in this Court pursuant to 28 U.S.C. §1331, which gives District Courts jurisdiction over actions that arise under the laws of the United States ("federal question jurisdiction").

2.   The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials.  These avenues of appeal, *i.e.*, administrative remedies, have now been exhausted by or on behalf of Plaintiff.  *See*, **MetLife Claim No.: 731408250486.**

3.   Venue is proper in the Northern District of Alabama pursuant to 29 U.S.C. §1132(e)(2) and/or 28 U.S.C. §1391.

## RELEVANT PARTIES

4.   At all times relevant hereto, Plaintiff was an "employee" of Regions, that being her "employer"; as those two terms are defined in 29 U.S.C. §§ 1002(5) and (6).  Plaintiff worked as a branch team leader/assistant manager; however, due to her established disability, she last worked there on or about April 1, 2014.

5.   At all times relevant hereto, Regions was the Plan Sponsor and Plan Administrator for the Plan; it was also "plan sponsor," "administrator," and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§1002(16) and (21).

6.  At all times relevant hereto, Defendant MetLife was the underwriter, provider of benefits, plan administrator, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan and under the Policy; alternatively, or in addition, MetLife was an "administrator" and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§1002(16) and (21). Here, it appears and is therefore alleged that MetLife has a financial conflict of interest, since it is both the ultimate decision-maker (claims administrator, claims-review fiduciary, and/or claims fiduciary) but also the payer/funding source for any benefits.

7.  At the times relevant hereto, Defendant MetLife acted as agent for the Plan and for Plan Sponsor/Plan Administrator Regions.

8.  Under the Plan and/or Policy, Regions delegated or assigned to Defendant MetLife the claims–fiduciary and claims-administrator duties for the Plan and under the Policy; *i.e.*, decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for or under the Plan and the Policy.

9.  At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1); as an incident to her employment, Plaintiff was eligible and covered under the Plan and thus qualifies as a "participant" as defined by 29 U.S.C. §1002(7).

## STATEMENT OF FACTS

10. Plaintiff realleges and reavers paragraphs 1 through 9 of the Complaint, incorporating them by reference herein as if specifically restated.

11.  At all times relevant hereto, the Plan/Policy provided generally for payment of disability benefits if Plaintiff became disabled and unable to work because of injury, sickness, illness, and/or other covered medical condition as set forth under the Plan/Policy.

12. According to MetLife, the Plan/Policy provided that, after the elimination period and after 24 months that LTD benefits are payable, the analysis of the term Disabled/Disability turns on whether Ms. Carnes' medical problems are such that she is "unable to earn . . . **more than 60% of [her] Predisability Earnings** from any employer in [her] Local Economy at **any gainful occupation for which [she is] reasonably qualified taking into account [her] training, education and experience**."

13.   Plaintiff is 40 years old, and her date of birth is in January, 1977.  She resides in Leighton, Alabama.

14.   She was employed by Regions for many years as a branch team leader/assistant manager.

15.   In her role as branch team leader/assistant manager for Regions, Ms. Carnes was required, among other things, to sit for 7-8 hours per day, stand for 1-2 hours per day, walk for 1-2 hours per day, and bend for 1-2 hours per day.

16.   However, due to her established medical disability, Ms. Carnes last day of work was on or about April 1, 2014.

17.   The medical conditions that form the basis for her disability are multi-factorial and include the following: degenerative disc disease, peripheral neuropathy, chronic low back pain, bilateral leg pain, chronic pain syndrome, myalgia and myositis, post-laminectomy syndrome of lumbar region, spasm with tenderness on left side, limited lateral rotation, spinal stenosis, disc desiccation, (post) lumbar fusion, and paresthesia in legs.

18.   After she could no longer perform her work at Regions, and based on her employment there, Ms. Carnes was eligible and applied for LTD benefits, this through MetLife; LTD benefits were issued and paid from approximately May 13, 2014 through May 12, 2016. This span of LTD benefits was based on the requisite showing of disability in the own/regular occupation ("Own Occupation") context.

19.   Defendant MetLife, however, later reversed course and denied further LTD benefits; *see*, termination letter dated April 25, 2016.

20.   Despite due appeal(s) by or on behalf of Plaintiff, Defendant MetLife has continued to deny LTD benefits. The final denial letter was dated January 12, 2017.

4

21.    Any and all applicable insurance–policy premiums required for LTD coverage under the Plan/Policy have been fully paid or otherwise satisfied.

22.    Plaintiff has filed or caused to be filed notice(s) or proof(s) of claim or loss, and performed any and all other conditions precedent to recovering benefits, under the Plan/Policy for the losses claimed herein.

23.    At all times relevant hereto, *i.e.,* at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the Plan/Policy; such that certain policy benefits are now due and overdue to be paid. That is, her claim was and has continued to be amply supported by her treating medical provider(s), who have confirmed her continuing inability to work.

24. Also, Ms. Carnes has applied and been found to qualify for Social Security disability (SSD) benefits, which were approved on February 26, 2016, albeit effective as of November 17, 2013. This independent, freestanding determination by the federal government is persuasive evidence of disability in this case.

25. Under any ERISA standard of review that may apply,[2] the position taken by MetLife in denying this claim, viewed against the entire Administrative Record as properly constituted, cannot withstand judicial scrutiny. The "Any Occupation" review, analysis and decision by MetLife were wrong, as well as arbitrary and capricious, under the circumstances presented.

26. Further, MetLife's termination of benefits must be reversed to the extent that Plaintiff was not afforded a reasonable opportunity for a full and fair review. *See*, 29 U.S.C. §1133(2); 29 C.F.R. §2560.503-1.

---

[2] Plaintiff respectfully reserves all points and arguments regarding what will be the proper standard of review herein, pursuant to *Firestone v. Bruch*, 489 U.S. 101, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989), and its progeny.

27.    Plaintiff is due back LTD benefits covering the period of time from approximately May 13, 2016, to present; as well as any other LTD-related benefits that were provided under the Plan/Policy during that time frame. She is also due all future LTD benefits as provided by the Plan/Policy, provided that she otherwise continues to meet all applicable terms and conditions of same.

28.   Based on the facts summarized above and further proof that can be gleaned from the record (Administrative Record), if not adduced through any discovery, Plaintiff has suffered a loss of monies, if not other/additional damages; thus, she alleges the causes of action set forth below.

## CAUSES OF ACTION

### COUNT I --- ERISA/Statutory Claims

29.   Plaintiff realleges and reavers paragraphs 1 through 28 of the Complaint, incorporating them by reference herein as if specifically restated.

30.   Based on the facts summarized above, Plaintiff makes claim under ERISA for the reinstatement/award of all LTD benefits due; past, present and future; pursuant to the Plan/Policy at issue. That is, this is an action seeking recovery of benefits, and clarification/declaration of benefits, brought pursuant to 29 U.S.C. §§1001, *et seq*., as well as all pertinent implementing regulations and the federal common law developed in the context of ERISA. This count covers, without limitation, all causes of action that are available under 29 U.S.C. §1132(a); this to include -- provided applicable and necessary to afford complete relief -- a cause of action for breach of fiduciary duty.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

A.  That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and F. R. Civ. P. 57, via injunction pursuant to F. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff any and all LTD benefits to which she was entitled but is still owed; or, alternatively, a dollar amount equal to the contractual amount of benefits to which Plaintiff was entitled but never paid; or, alternatively, assess  concomitant surcharge(s) under principles of equity;[3] each together with interest; and all as recoverable pursuant to the contractual terms of the Plan/Policy at issue, under ERISA law, and subject to the proof;

B.  That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and F. R. Civ. P. 57, via injunction pursuant to F. R. Civ. P. 65, via specific performance, or otherwise) that Defendant pay to Plaintiff all LTD benefits to which she is or will be entitled in the future pursuant to the contractual terms of the Plan/Policy at issue; subject to the proof and policy application procedures, as required; and so long as she otherwise continues to meet all applicable terms and conditions of the Plan/Policy;

C. That the Court award to Plaintiff her attorney's fees and costs of action pursuant to ERISA. *See*, 29 U.S.C. §1132(g);

D.  That the Plaintiff recover any and all other, different or additional damages, expenses, costs and relief (legal, equitable, declaratory or remedial) to which she may be entitled by virtue of the facts and cause(s) of action alleged above, consistent with the ERISA statute and regulations, the federal common law developed in the context of ERISA, and the interests of

---

[3] *See, CIGNA Corp. v. Amara*, 563 U.S. 421, 444-445; 179 L. Ed. 2d 843; 131 S. Ct. 1866 (2011).

equity and justice; including without limitation any applicable or accrued cost-of-living adjustments ("COLA's") under the Plan/Policy, plus pre-judgment interest[4] and post-judgment interest[5] on all amounts awarded or to be awarded; and

E.  Plaintiff reserves the right, if appropriate, pursuant to F. R. Civ. P. 15 or otherwise, to amend or supplement this lawsuit based on additional facts or circumstances not now reasonably apparent, or to be revealed by any discovery to be conducted herein; and/or to add any party-defendant(s) necessary to afford complete relief to Plaintiff.

Dated this 11th day of July, 2017.

**Respectfully Submitted,**

CODY ALLISON & ASSOCIATES, PLLC

/s/ Samuel D. Payne
Samuel D. Payne, ASB#9078Y86S
Parkway Towers
404 James Robertson Pkwy, Ste. #1623
Nashville, Tennessee 37219
Phone: (615) 234-6000
Fax: (615) 727-0175
sam@codyallison.com

---

[4] *See, Curtis v. Hartford Life & Accident Ins. Co*., 64 F. Supp. 3d 1198, 1224 (N.D. Ill. 2014) (presumption in favor of prejudgment interest is specifically applicable in ERISA cases).

[5] *See*, 28 U.S.C. § 1961.